UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE RAY CUNNINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>ELENA TOOTELL, et al.,<br><br>    Defendants. | Case No. 18-CV-01530 LHK (PR)<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with prejudice for failure to state a claim for relief.

**DISCUSSION**

A.    <u>Standard of review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

Case No. 18-CV-01530 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

1

monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal claim

Plaintiff alleges that Dr. Elena Tootell, the Chief Medical Officer at San Quentin State Prison, and Drs. L. Tobin and M. L. Venard illegally disclosed personal information contained within plaintiff's medical and mental health files, in violation of 45 C.F.R. § 164.508(c)(1)(i). Plaintiff requests monetary damages for the intentional emotional distress he has suffered and continues to suffer from this violation. Plaintiff's complaint fails to state a claim for the reasons stated below.

45 C.F.R. § 164.508(c)(1)(i) is titled, "Uses and disclosures for which an authorization is required," and describes what elements must be included in a valid authorization for disclosure of protected health information. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, *et seq.*, prohibits the wrongful disclosure of unique health identifiers or individually identifiable health information. 42 U.S.C. § 1320d-6. Disclosure of such records is permitted, however, "in the course of any judicial or administrative proceeding," or "in response to a subpoena, discovery request, or other lawful process." 45 C.F.R. §§ 164.512(e)(1), 164.512(e)(1)(ii). HIPAA explicitly authorizes the Secretary of Health and Human Services to impose penalties on any person in violation of the Act. 42 U.S.C. § 1320d-5(a)(1)(A)-(C).

Federal courts have found that HIPAA created no private right of action. *United States v.*

Case No. 18-CV-01530 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

2

*Streich*, 560 F.3d 926, 935 (9th Cir. 2009) ("HIPPA does not provide any private right of action."); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir.2007) ("HIPAA itself provides no right of action."); *University of Colorado Hosp. v. Denver Publ'g Co.*, 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004) (holding that HIPAA statutory text and structure display no intent to create a private right of action, and noting that Act expressly provides a method for enforcing prohibitions, i.e., punitive fines and/or imprisonment, which indicates Congress did not intend to allow an additional private remedy). Put another way, only the government can bring a claim against a medical provider for a violation of HIPAA. Because there is no private right of action under HIPAA, plaintiff's HIPAA claim is not cognizable under 42 U.S.C. § 1983. Plaintiff has not identified any other alleged federal constitutional violation in the complaint. Thus, plaintiff's complaint must be dismissed.

In addition, plaintiff only alleges that he has suffered intentional emotional distress. The law is clear that, "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Plaintiff cannot recover for emotional injuries without first proving that he suffered physical injury. 42 U.S.C. § 1997e(e). Here, plaintiff does not allege, and the subject matter of plaintiff's claim does not indicate, that he suffered any physical injury.

For the reasons stated above, the court finds that leave to amend should not be given because it appears beyond doubt that it is not factually possible for plaintiff to amend the complaint to cure these deficiencies. Accordingly, plaintiff's complaint is dismissed with prejudice.

## CONCLUSION

Plaintiff's complaint is DISMISSED with prejudice.

Case No. 18-CV-01530 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

3

**IT IS SO ORDERED.**

DATED: 5/21/2018

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 18-CV-01530 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE
4